IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM P. JOSIAH, JR., | ) | Crim. No. 07-00133 HG-01 |
| | ) | Civ. No. 16-cv-00080 HG-KSC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER GRANTING PETITIONER WILLIAM P. JOSIAH, JR.'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (ECF NO. 44)**
**and**
**DIRECTING PARTIES TO CONFER REGARDING RE-SENTENCING**

On February 24, 2016, Petitioner William P. Josiah, Jr. filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion").  (ECF No. 44).

The Government now (1) waives any previously raised procedural challenge to the Section 2255 Motion and any defense based upon a stipulation in his plea agreement that he was an Armed Career Criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e); and (2) concedes that, in light of Mathis v. United States, 135 S.Ct. 2243 (2016), Welch v. United States, 136 S.Ct. 1257 (2016), and Johnson v. United States, 135 S.Ct. 2551 (2015), if sentenced anew, Petitioner's prior burglary convictions would not be "violent felonies" under the ACCA.  (ECF

1

No. 67).

The Government further agrees that Petitioner's Section 2255 Motion should be granted, that Petitioner should no longer be classified as an Armed Career Criminal under the ACCA, and that Petitioner should be re-sentenced.  Accordingly, without objection from the Government, Petitioner's Section 2255 Motion (ECF No. 44) is **GRANTED**.

The Parties disagree with regard to the manner of re-sentencing and the form of an amended judgment.  (ECF Nos. 67, 68).  The Court recognizes that it has broad discretion to resolve these disagreement, but in light of recent resolutions reached by counsel in similar cases, the Parties are directed to meet and confer with each other and with the United States Probation Office to suggest a mutually agreeable path forward. See e.g., 28 U.S.C. § 2255(b); United States v. Jones, 114 F.3d 896, 897 (9th Cir. 1997) ("[T]he statute gives district judges wide berth in choosing the proper scope of post-2255 proceedings").

//

//

//

//

//

If the Parties are not able to reach such agreement on or before Monday, August 15, 2016, the Parties are directed to report that fact to the Court, and the Court will issue a further Order.

IT IS SO ORDERED.

DATED:    Honolulu, Hawaii, August 8, 2016.



_____

Helen Gillmor
United States District Judge

William P. Josiah, Jr. v. United States of America, Criminal No. 07-00133 HG-01, Civil No. 16-00080 HG-KSC; **ORDER GRANTING PETITIONER WILLIAM P. JOSIAH, JR.'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (ECF NO. 44) and DIRECTING PARTIES TO CONFER REGARDING RE-SENTENCING**